

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. J. Tucker
County Attorney
Hopkins County
Sulphur Springs, Texas

Opinion No. 0-7056

Re: Construction of Section
3, Article 879a-5, P.C.

Dear Sir:

We acknowledge receipt of your request for
an opinion of this Department on whether a man who
has been arrested for hunting with a twelve-gauge shot-
gun that was not plugged has violated Article 879a-5,
Sec. 3, P. C.

Said Article reads as follows:

"Sec. 3. It shall be unlawful to hunt
or shoot mourning doves, white-winged doves,
or any migratory bird, or any other game bird
of this State, with a shot gun larger than ten-
gauge, and that is capable of holding more
than three (3) shells at one loading, includ-
ing the shell that may be held in the chamber
of such gun, and providing that if a magazine-
loading is used and the magazine of such gun
would otherwise hold more than two (2) shells,
before such gun is used it shall be permanent-
ly plugged so that such magazine will be render-
ed incapable of holding more than two (2) shells."

In construing statutes it is always permissible
and required that the legislative intent be determined.
Hence, the aim and object of construction is to ascertain
and enforce the legislative intent, and not to defeat,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

nullify or thwart it.  39 Tex. Juris. 167.  The intent
should first be sought from a reading of the whole stat-
utes, but if the intent remains obscure after reading
the entire act, the court may consider other laws and
circumstances indicating the legislative intent, and may
resort to certain aids for construction, such as the his-
tory of legislation, and the necessity or occasion for
the enactment of the statute in question.  39 Tex. Juris.
pages 177-178.

A reading of Article 879a-5 does not give any
assistance in determining just what type of shotgun is
forbidden to be used.  The act was originally passed by
the 45th Legislature, 2nd CalledSession, on October 15,
1937.  That act had the identical provisions, except that
the word "gun" is included after the words "magazine load-
ing".  While that omission was evidently a clerical omis-
sion, it neither adds to or takes from the acts prohibited.

It is well settled that the emergency clause of
an act may be considered if it sheds light upon the in-
quiry and will aid the court in ascertaining the legisla-
tive intent.  Interstate Forwarding Co. v. Vineyard, 49
. . (2d) 403.

In looking to the original act as passed in 1937,
we find in the emergency clause the following language:
"The fact that the mourning dove and white-winged dove regu-
lations for the year 1937 are in conflict with the Federal
Regulations . . . creates an emergency . . ."  From this
language it is clear that the Legislature intended that the
act be in harmony with the Federal regulations thereon.

It is proper to reach out and to follow the true
intent of the Legislature, and to adopt that sense which
harmonizes with the content and promotes, in the fullest

manner, the apparent policy and object of the legislature. Thompson v. M.K.T. Ry. Co., 126 S. W. 257.

On July 30, 1937, the President approved Proclamation No. 2245, found in 2 Fed. Reg. at page 1355, which proveded among other things that, first, migratory game birds may not be taken with a shotgun larger than No. 10 gauge; and, second, they may not be taken by means of any automatic-loading or hand operated repeating shotgun capable of holding more than three shells at one time in the chamber and magazine.

When necessary to arrive at the legislative intent, it is permissible to construe the conjunction "and" as though it were the disjunctive "or". Oilmen's Reciproval Ass'n v. Coe, 68 S. W. (2d) 1046-1047. It is, therefore, our opinion that the word "and" as used in Article 879a-5, P.C., immediately after the words "larger than ten-gauge" should be used in its disjunctive sense.

It is a matter of common knowledge that a twelve-gauge shotgun is smaller than a ten-gauge.

You are, therefore, advised that a person who hunts with a twelve-gauge shotgun that is not plugged so that it will hold not exceeding three shells is violating Article 879a-5, P.C.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By: /s/ Richard H. Cocke
Assistant

Approved Feb 14, 1946
Carlos C. Ashley
First Assistant
Attorney General

Approved: Opinion
Committee

By: BWB
Chairman

RHC:　/djm